UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIKA G. GOULD,

     Plaintiff,

v.                                     Case No:   6:19-cv-294-Orl-18GJK

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

---

## REPORT AND RECOMMENDATION[1]

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits. Upon a review of the record, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**.

## Background

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on May 4, 2015, alleging she became disabled on May 12, 2010 (Tr. 9). Plaintiff was 40 years old as of March 31, 2015, her date last insured (Tr. 9, 11, 17), with a college education and past relevant work as a hairstylist (Tr. 64-66). She alleges disability due to brain surgery, fibroids and cysts, chronic venous insufficiency, injury to her right hand, eczema, and hypothyroidism (Doc. 18, 4-11).

Plaintiff's applications were denied initially, and on reconsideration. After an

---

[1] Judge Smith is temporarily handling this case in the place of Judge Kelly.

administrative hearing before an administrative law judge ("ALJ"), an unfavorable decision was issued on November 27, 2017 (Tr. 9-18). At that hearing, the ALJ received testimony from Plaintiff, Plaintiff's husband, and a vocational expert ("VE") (Tr. 51-98). The Appeals Council denied review of that decision (Tr. 1-5), and Plaintiff filed her complaint in this Court (Doc. 1).

The case is ripe for review pursuant to 42 U.S.C. § 405(g), and has been referred to me for issuance of a report and recommendation.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). The process requires the ALJ to determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that the claimant can perform. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); Phillips, 357 F.3d at 1241 n.10.

At step one of the sequential analysis the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date through her date last insured (Tr. 11). At step two, the ALJ determined that Plaintiff suffered from the severe impairments of right upper extremity disorder and hypothyroidism (Tr. 11). At step three,

the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 12-13). Next, the ALJ decided that Plaintiff had the residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) except she could never climb ladders, ropes, or scaffolds but could occasionally climb ramps or stairs. She could occasionally balance, stoop, kneel, or crouch. She could frequently (as opposed to constantly) handle or finger with the right upper extremity. She had to avoid concentrated exposure to temperature extremes, vibration, and workplace hazards.

(Tr. 13). At step four, the ALJ determined that through her date last insured, Plaintiff was not capable of performing her past relevant work as a hairstylist (Tr. 16). But, the ALJ did find that through Plaintiff's date last insured, there were jobs that existed in significant numbers in the national economy that she could have performed (Tr. 17). Specifically, the ALJ found, based on the VE's testimony, that Plaintiff could perform the unskilled occupations of sales attendant, hotel housekeeper, and garment sorter (Tr. 17-18). Based on these findings, the ALJ ruled that Plaintiff was not under a disability from her May 12, 2010 alleged onset date, through March 31, 2015, her date last insured (Tr. 18).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such

relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

Plaintiff is representing herself. The Court "liberally construe[s] briefs filed by pro se litigants." Anglin v. Soc. Sec. Admin., 602 F. App'x 483, 484 (11th Cir. 2015).[2] The "issue before the Court is whether the disability determination was supported by substantial evidence." Washington v. Astrue, 558 F. Supp. 2d 1287, 1298 (N.D. Ga. 2008) (construing pro se claimant's brief as argument that disability determination was not supported by substantial evidence).

### Discussion

Plaintiff argues that: (1) the ALJ overlooked the medical reports regarding her limitations resulting from her brain surgery; (2) the ALJ did not consider her fibroids and

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

cysts, or the anemia caused by them; (3) the ALJ did not consider Plaintiff's issues caused by her chronic venous insufficiency; (4) the ALJ did not consider the doctor's reports, right distal radioulnar, joint arthritis, and bone deterioration in Plaintiff's right hand and wrist; (5) the ALJ "left out" Plaintiff's eczema; and (6) the ALJ overlooked Plaintiff's symptoms from her thyroid condition (Doc. 18 at 5-11).

Brain Surgery Issues

On October 11, 1997, Plaintiff underwent brain surgery to remove a congenital benign tumor (Tr. 473; Doc. 18 at 2). She was hospitalized for six days and reports never fully regaining her memories (Doc. 18 at 3). Now, Plaintiff argues that the ALJ overlooked the medical reports supporting her contention that she has limitations, including an inability to remember new information due to the brain surgery (Doc. 18 at 4-5). Plaintiff worked as a hairstylist from 2002 through 2006 (Tr. 65-66). The VE testified that a hairstylist involves skilled work (Tr. 87). Thus, during this four to five-year period following her brain surgery, Plaintiff was not disabled. Her alleged disability onset date is May 12, 2010 (Tr. 9-10). She has not produced evidence showing that her impairments from her brain surgery intensified at any point from 2006 through March 31, 2015.[3] The evidence shows that she performed skilled work following her brain surgery, and she has failed to demonstrate that the symptoms from the brain surgery preclude her from doing the unskilled work the VE found a hypothetical person with her RFC could perform. Thus, even if the ALJ failed to consider Plaintiff's symptoms from her

---

[3] Plaintiff makes the conclusory statement that her migraine headaches have gotten worse "in the last few years" (Doc. 18 at 3). She does not point to any evidence presented to the ALJ regarding this assertion, and her date last insured was March 31, 2015, i.e., more than four years before she filed her memorandum making this claim (Doc. 18).

brain surgery, such failure is harmless, as substantial evidence supports the ALJ's decision finding Plaintiff not disabled.[4]

Fibroids and Cysts

Plaintiff argues that the ALJ did not consider her impairments, including anemia, resulting from her fibroids and cysts (Doc. 18 at 5-6). According to Plaintiff, during her menstrual cycle she cannot leave the house, and that when she is "losing so much blood [she] feel[s] fatigue and [has] a difficult time walking, climbing stairs, concentrating, and keeping [her] balance." (Id. at 6). In support of this claim, Plaintiff cites her post-operative record from her open abdominal myomectomy surgery (Id. at 5; Tr. 299-307). She also points to her medical records, which include an MRI of her brain, an ultrasound of her pelvis, and injury to her wrist (Doc. 18 at 6; Tr. 494-98, 531-93). Finally, she cites to blood work done on October 1, 2015 (Doc. 18 at 6). However, this medical evidence fails to substantiate Plaintiff's claimed inability to work due to her fibroids, cysts, or anemia. And, as the Commissioner notes, Plaintiff's claim is contradicted by her activities including walking, biking, going to the gym, performing light household chores, cooking, shopping and driving (Tr. 73-74, 362). Consequently, Plaintiff's argument that the ALJ's decision should be reversed for failure to consider Plaintiff's impairments resulting from her fibroids and cysts is rejected.

Chronic Venous Insufficiency

Plaintiff argues that the ALJ did not consider her swollen legs and feeling "heaviness from long standing, especially in the lower leg and ankles" caused by

---

[4] Plaintiff relies on case studies of other patients who had the same surgery she had (Doc. 18 at 4-5, 13-14), but this is not evidence that Plaintiff is disabled.

Plaintiff's chronic venous insufficiency (Doc. 18 at 7). But Plaintiff fails to state how these symptoms rendered her disabled during the relevant period from May 12, 2010, to March 31, 2015.

Right Hand and Wrist Issues

Plaintiff complains that the ALJ did not consider the doctor's reports concerning the distal radioulnar, joint arthritis, and bone deterioration in her right hand and wrist (Doc. 18 at 7-9). She notes that at the administrative hearing the ALJ would not allow her to show x-rays "so she could see how my bones are rubbing and deteriorating." (Id. at 9). Plaintiff also expresses her dissatisfaction that the ALJ said that they were unable to get her physical therapy reports, but the reports are in Plaintiff's file (Id.).

The ALJ addressed the physical therapy records in her decision and held the record open to obtain the additional records, but they were not separately produced, even after three attempts to obtain them (Tr. 15-16). The ALJ did note the physical therapy records and summaries included in Exhibit 26F (id.) and Plaintiff has not shown that the additional physical therapy records would show that she was disabled during the relevant time.

The ALJ's decision demonstrates that she considered the evidence regarding Plaintiff's right hand and wrist (Tr. 15-16). The ALJ recounts the medical evidence from September and October 2014 (Id., 15). The ALJ also recounts the medical evidence from May 2015, which is after Plaintiff's date last insured (Id.).

Plaintiff argues that her injury to her hand and wrist is covered because it happened prior to her first x-ray dated September 18, 2014 (Doc. 18 at 9). But Plaintiff does not direct the Court's attention to support for this in the record. There is a medical

record from Level One Orthopedics at Orlando Health, dated May 20, 2015, which

states, "X-rays dated May 20, 2015 show an old pisiform forearm fracture .... The

patient has an MRI of her right wrist dated November 10, 2014 indicating no evidence of

hamate fracture or lesion of the pisiform or flexor carpi ulnaris tendon attachment." (Tr.

372). Thus, there was conflicting evidence before the ALJ regarding when the injury to

Plaintiff's wrist and hand occurred. To agree with Plaintiff would result in the Court

reweighing the evidence, which it is not permitted to do. See Miles v. Chater, 84 F.3d at

1400. It is therefore recommended that the Court reject this argument.

<u>Eczema and Thyroid Issues</u>

Plaintiff maintains that the ALJ "left out skin condition eczema and medical

records 2008-present" (Doc. 18 at 10). Plaintiff states that her "skin can feel like it[']s on

fire and will bleed from scratching .... The vocational expert[']s jobs require use of my

hands and I often have open sores." (Id.). Plaintiff relies on Exhibits 6F and 14F (Tr.

340-46, 458-66). Exhibit 6F includes medical records regarding skin tissue fragments

and a possible cyst or lymphadenopathy (Tr. 340-46). Exhibit 14F includes a record

from January 2015, regarding Plaintiff having warts, and from July 30, 2015, regarding

skin lesions on her back, a subcutaneous tumor on her arm that the dermatologist

anticipated not needing treatment, and spider veins (Tr. 458-66). Neither sets forth any

limitations on Plaintiff's ability to work.

Plaintiff cites to Exhibit 4F concerning her thyroid condition (Id.). Exhibit 4F

consists of illegible progress notes, blood test results, and documents regarding

sending the records to the Social Security Administration (Tr. 318-28). Again, there is an

absence of limitations on Plaintiff's ability to work. Plaintiff fails to demonstrate that her

eczema and thyroid condition were of a disabling severity during the relevant period.

## Recommendation

As the Commissioner's administrative decision comports with proper legal standards and is supported by substantial evidence, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**, and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida, on December 23, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Unrepresented Parties